UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV08-01117-JVS (ANx) | Date | November 12, 2009 |
| Title | Studio Transportation Drivers, etc. v. Happy Hour Productions, LLC., et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Terri Steele | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   Order Denying Defendant's Motion to Disqualify Plaintiff's Counsel (Fld 9-08-09)

Defendant Entertainment Media Specialists, Inc. ("EMS") moves to disqualify the law firm of Gilbert & Sackman from representing Plaintiffs Studio Transportation Drivers, Local #399 of the International Brotherhood of Teamsters ("Local #399"), Bernard Angeles Jr., James DePue, Michael DePue, Burt Melcher, and Craig Walendy (collectively, "Plaintiffs"). EMS also requests that the Court sanction Gilbert & Sackman. The Court DENIES the motion.

I.   Legal Standard

This Court's authority to disqualify an attorney "derives from the power inherent in every court to control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." The People ex rel. Dept. of Corrections v. Speedee Oil Change Sys., Inc., 20 Cal.4th 1135, 1145 (1999) (quoting Cal. Code Civ. Proc. § 128(a)(5)) (internal quotations omitted). Motions to disqualify involve a conflict between a client's right to his or her attorney of choice and the need to maintain ethical standards of professional responsibility. Id. The Court's "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." Id. Nevertheless, the potential for less-than-scrupulous lawyers to use motions to disqualify as tactical weapons still requires courts to subject these motions to "particularly strict judicial scrutiny." Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985).

Under Local Rule 83-3.1.2, the standards of professional conduct required of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV08-01117-JVS (ANx)              Date  November 12, 2009

Title     Studio Transportation Drivers, etc. v. Happy Hour Productions, LLC., et al.

members of the State Bar of California and contained in the State Bar Act, including the California Rules of Professional Conduct, have been adopted as the standards of professional conduct in the Central District of California.

II.     Discussion

EMS moves to disqualify Plaintiffs' counsel for four reasons: (1) Gilbert & Sackman's representation of both the Local #399 union and individual Plaintiffs (who are members of the union) allegedly violates California Rule of Professional Conduct 3-310(C)(2) and 3-310(F)(1); (2) Gilbert & Sackman have allegedly failed to communicate a written settlement offer to the individual Plaintiffs pursuant to Federal Rule of Civil Procedure 68, in violation of Rule of Professional Conduct 3-510; (3) Gilbert & Sackman have allegedly failed to promptly notify and deliver settlement funds in violation of Rule of Professional Conduct 4-100(4); and (4) a Gilbert & Sackman attorney made a statement at a deposition of one of the individual Plaintiffs that he intended to amend his client's "wrong answers." The Court considers each ground for disqualification in turn.

A. Conflict Between Local #399 and Individual Plaintiffs

EMS claim that Gilbert & Sackman violated Rule of Professional Conduct 3-310(C)(2) is without merit because Gilbert & Sackman did obtain informed written consent from the individual Plaintiffs with respect to conflicts of interest between them and Local #399. (See Cantore Decl., Ex. 2.) EMS' argument that there exists a non-waivable conflict between individual Plaintiff James DePue and the other individual Plaintiffs is confusing and highly speculative. (Mot. 10-11.) Likewise, EMS' argument regarding the potential for a malpractice suit by individual Plaintiffs against Gilbert & Sackman to create a financial conflict of interest is similarly confusing and speculative. (Id.)

EMS argues that Gilbert & Sackman violated Rule of Professional Conduct 3-310(F)(1) by not asserting individual Plaintiffs' claims for unpaid expenses. (Id. at 7-9.) According to EMS, bringing these claims "would severely undermine Local #399's theory of the case." (Id. at 8.) Thus, according to EMS, the failure to assert the individual Plaintiffs' unpaid expenses claims is an indication that Gilbert & Sackman is favoring its paying client Local #399, rather than exercising its independent professional judgment, and thus has violated Rule 3-310(F)(1). Regardless of whether asserting the unpaid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV08-01117-JVS (ANx)                              Date   November 12, 2009

Title      Studio Transportation Drivers, etc. v. Happy Hour Productions, LLC., et al.

expenses claims would actually undermine Local #399's theory of the case, the issue is moot given that Gilbert & Sackman have moved to add these very claims to its complaint against EMS.[1] This attempt to add the unpaid expenses claims is strong evidence that Gilbert & Sackman is exercising independent professional judgment despite receiving compensation only from Local #399.

### B. Failure to Communicate Settlement Offer

Gilbert & Sackman admit that they failed to communicate the Rule 68 written settlement offer to the individual Plaintiffs. Gilbert & Sackman explain that this was because the offer was below the amount of settlement authority which all Plaintiffs were made aware of and none objected. (Opp'n 18.) However, the Court does not believe that the failure to communicate the written settlement offer, in light of the explanation regarding settlement authority, is sufficient grounds to disqualify Gilbert & Sackman. Moreover, EMS agrees that the failure to communicate the settlement offer by itself would not justify disqualification of counsel. (Mot. 13.)[2]

### C. Settlement Funds

EMS alleges, primarily on the basis of an off-the-record conversation between Gilbert & Sackman attorney Robert Cantore and individual Plaintiff Bernard Angeles Jr., that Gilbert & Sackman has received settlement funds that it has failed to promptly transfer to the Plaintiffs in violation of Rule of Professional Conduct 4-100(4). Mr. Cantore has informed the Court that Gilbert & Sackman has transferred all settlement funds to the Plaintiffs. Therefore, Rule 4-100(4) has not been violated.

### D. Changing of Deposition Testimony

EMS argues that Mr. Cantore's statement at a deposition that he intended to correct

---

[1] Gilbert & Sackman explains that it failed to previously bring the unpaid expenses claims because it was unaware that the individual Plaintiffs had such claims until they testified at their depositions. (Cantore Decl. ¶ 6.)

[2] EMS argues that the failure to communicate the settlement offer is part of a pattern favoring Local #399 over the individual Plaintiffs and thus justifies disqualification here, but the Court finds no evidence of Gilbert & Sackman favoring Local #399 over the individual Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV08-01117-JVS (ANx)    Date  November 12, 2009

Title  Studio Transportation Drivers, etc. v. Happy Hour Productions, LLC., et al.

the "wrong answers" of one of the individual Plaintiffs indicates that the individual Plaintiffs are being pressured by Gilbert & Sackman to conform their stories to Local #399's version of the facts. The Court does not believe that the "wrong answers" statement leads to the conclusion that EMS has drawn. Gilbert & Sackman argue persuasively that, when read in the context of the entire deposition transcript, the reference to "wrong answers" is reasonable. The line of testimony immediately preceding the "wrong answers" comment concerned whether the individual Plaintiff, Bernard Angeles Jr., had signed settlement agreements in this case. Plaintiffs' counsel was well aware that such agreements had been signed and thus the "wrong answers" referred specifically to Mr. Angeles' clearly incorrect responses (see Cantore Decl. ¶ 16.), and the statement is simply an indication that Gilbert & Sackman were invoking Plaintiffs' right to review and amend the deposition transcript under Federal Rule of Civil Procedure 30(e)(1).

III.  Conclusion

Finding no grounds to disqualify Gilbert & Sackman, the Court DENIES the motion.

IT IS SO ORDERED.

:  00

Initials of Preparer  ts