ROBERT A. CANTORE (Bar No. 127462)
rac@gslaw.org
MICHAEL D. WEINER (Bar No. 240155)
mweiner@gslaw.org
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone:   (323) 938-3000
Fax:   (323) 937-9139

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIO TRANSPORTATION DRIVERS, LOCAL #399 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ON BEHALF OF MEMBERS FORMERLY EMPLOYED BY DEFENDANTS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HAPPY HOURS PRODUCTIONS, LLC, a Nevada limited liability company; BOLLYWOOD HOLLYWOOD PRODUCTION, INC., a Florida corporation; FILMKRAFT PRODUCTIONS (INDIA) PVT., LTD., an Indian company; ENTERTAINMENT MEDIA SPECIALISTS, INC., a Florida corporation; RAKESH ROSHAN; SHAMMI SAINI; RAJ SHAH; PRASHANT SHAH; AND DOES 1-20,<br><br>　　　　　　　　Defendants. | Case No. SACV 08-1117 JVS (ANx)<br><br>**ORDER GRANTING STIPULATION TO SECURE ATTORNEY'S FEES AND COSTS AND STAY EXECUTION THEREOF PENDING APPEAL** |

1

Having considered the stipulation entered into between Plaintiffs Studio Transportation Drivers, Local #399 of the International Brotherhood of Teamsters, Bernard Angeles Jr., James DePue, Michael DePue, Burt Melcher, and Craig Walendy ("Plaintiffs") and Defendant Entertainment Media Specialists, Inc. ("EMS") to stay and secure the awards of attorney's fees and costs pending appeal, the Court hereby GRANTS the stipulation as follows:

1.  Plaintiffs' counsel shall arrange for the transfer into its client trust account the sum of $31,752.38, reflecting the $29,550 in attorney's fees awarded to EMS in the Court's order of January 11, 2010 (Dkt. #85) and the $2,202.38 in costs set forth in EMS's Bill of Costs (Dkt. #76-2). Plaintiffs' counsel shall maintain these funds in its client trust account during the pendency of the appeal in this action.

2.  Plaintiffs shall not be required to obtain a supersedeas bond or other form of security.

3.  During the pendency of the appeal, EMS shall not execute on the awards of attorney's fees or costs or take any action to collect those awards. Execution of the awards shall be stayed within the meaning of Fed. R. Civ. P. 62.

4.  Should the Court's entry of summary judgment in favor of EMS be affirmed following Plaintiffs' exhaustion of all appeals, Plaintiffs' counsel shall then transfer the sum of $31,752.38 (plus any post-judgment interest owing in accordance with law) to EMS's counsel's client trust account.

///
///
///
///
///
///
///
///

   5. Should the Court's entry of summary judgment in favor of EMS be reversed by the Ninth Circuit, EMS shall have no right or interest in the funds described above and Plaintiffs' counsel shall remove those funds from its client trust account in accordance with the wishes of its clients.

  IT IS SO ORDERED:

DATED: April 22, 2010    _____

              Hon. James V. Selna
              United States District Judge